## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ADARIUS FERGUSON,

      Plaintiff,

v.

                                  CASE NO:
                                  HON:

BERRIEN COUNTY, JENNIFER SMITH, and BRIAN KASTELIC, in their individual and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **ADARIUS FERGUSON**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants state as follows:

    1.    That Plaintiff is a resident of the City of Benton Harbor, County of

1

Berrien, State of Michigan.

2. That Defendant BERRIEN COUNTY is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. That Defendant JENNIFER SMITH was a prosecuting attorney employed by Berrien County Prosecutor's Office and/or Defendant BERRIEN COUNTY and was acting in her individual and official capacity and, upon information and belief, was acting outside her prosecutorial duties at all relevant times alleged herein.

4. That Defendant BRIAN KASTELIC is and/or was a detective employed by the Michigan State Police and/or was assigned to the City of Benton Harbor and was acting under color of law, in his individual and official capacity, and within the course of scope of his employment at all times mentioned herein.

5. All relevant events giving rise to this lawsuit occurred in the County of Berrien, State of Michigan.

6. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

7. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

8. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

9. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10. That Kyree Hull died by gunshot wound in the City of Benton Harbor, County of Berrien, State of Michigan, on or about June 10, 2017.

11. That Defendants arrested, charged, and prosecuted Plaintiff for the murder of Hull and associated felonies, completely without actual knowledge or probable cause to do so.

12. That Plaintiff's arrest was based on evidence Defendants knew or should have known to be false.

13. That Plaintiff's arrest, detention, and criminal charges were based on the eyewitness identification testimony of Jasmine Jackson, who Defendants knew or should have known could not have seen, or did not see, Plaintiff shoot Hull.

14. That Defendants knowingly presented Jackson's false identification testimony at Plaintiff's preliminary hearing which resulted in his bind

over on a charge of first-degree murder and associated felonies.

15. That even in the absence of Jackson recanting her eyewitness identification of Plaintiff, Defendants knew or should have known that her eyewitness identification was false.

16. That Defendants threatened Jackson with criminal charges and/or incarceration until Plaintiff's trial if she did not identify Plaintiff as Hull's shooter at Plaintiff's preliminary hearing.

17. That Defendants withheld exculpatory evidence from Plaintiff and Plaintiff's counsel until trial.

18. That Jackson's false identification testimony was the only evidence whatsoever connecting Plaintiff to the shooting of Hull.

19. That Defendant JENNIFER SMITH publically accused Plaintiff in open court of ordering the murder of potential prosecution witness Tykarri Lucas in the complete absence of any evidence that Plaintiff had anything to do with the Lucas' death.

20. That Defendants knew that Lucas' death was completely unrelated to Plaintiff and Plaintiff's subject criminal charges.

21. That as a result of Defendant SMITH's public accusation, Plaintiff was attacked and shot numerous times by friends and/or family of Lucas in 2020, resulting in Plaintiff sustaining lifelong injuries including, but not

limited to, hip replacement surgery.

22. That on December 4, 2018, a jury acquitted Plaintiff of all criminal charges arising from the death of Hull.

23. That as a direct and proximate cause of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered significant injuries and damages.

## COUNT I
## VIOLATIONS OF THE FOURTH AMENDMENT

24. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

25. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from unreasonable searches and seizures.

26. At all material times, Defendant KASTELIC acted under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights when he falsely arrested and falsely detained Plaintiff and caused to have charges brought against Plaintiff without probable cause.

27. Defendants acted unreasonably and failed in their duties when they falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances and then proceeded with the legal process thereafter without probable cause.

28. Defendant KASTELIC acted under color of law and is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

29. That Defendants caused, instituted, and/or continued criminal proceedings against Plaintiff in this matter and their unlawful actions do not afford them the protections of qualified immunity.

30. Defendants had no actual knowledge or probable cause to believe the criminal charges against Plaintiff would succeed and acted unreasonably when they initiated a prosecution against Plaintiff in which the Plaintiff was acquitted of all charges.

31. Defendants failed to properly and thoroughly conduct an investigation and manufactured probable cause against Plaintiff for crimes Defendants knew that he did not commit.

32. Defendants refused to dismiss the charges against Plaintiff even though they knew that there was no probable cause to believe Plaintiff had committed any crime and had exculpatory evidence in their possession.

33. Defendants knew they falsely and recklessly built a case against Plaintiff, and this exemplified their callous indifference to Plaintiff's life and liberty.

34. Defendants fabricated evidence against Plaintiff and used such fabricated evidence against him in criminal proceedings.

35. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

36. Due to Defendants' actions and/or inactions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## VIOLATIONS OF THE FOURTEENTH AMENDMENT

37. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

38. That the Fourteenth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law.

39. Defendants deprived Plaintiff of the due process of law when they fabricated evidence against Plaintiff in order to justify Plaintiff's arrest

7

and detention, and presented such fabricated evidence in criminal proceedings against Plaintiff.

40. Defendants further deprived Plaintiff of the due process of law when they withheld potentially exculpatory evidence from Plaintiff and his criminal counsel in order to justify Plaintiff's arrest and detention, and withheld such potentially exculpatory evidence during criminal proceedings against Plaintiff.

41. Defendants further deprived Plaintiff of the due process of law when they initiated and pursued a criminal prosecution of Plaintiff with no actual knowledge or probable cause of believe that Plaintiff committed any of the crimes with which he was charged and prosecuted.

42. That Defendants are not entitled to qualified immunity because they deprived Plaintiff of a liberty and/or property interest without the due process of law.

43. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

44. Due to Defendants' actions and/or inactions, Plaintiff's Fourteenth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court award exemplary,

compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT III
## BERRIEN COUNTY CONSTITUTIONAL VIOLATIONS

45. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

46. Defendant BERRIEN COUNTY acted intentionally, recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

47. These unlawful customs, policies, and/or practices included, but were not limited to the following:

   a. Failing to train and supervise its employees;

   b. Failing to supervise, review, and/or discipline employees whom Defendant BERRIEN COUNTY knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its employees to engage in illegal conduct; and

    c.    Failing to require its employees to comply with established policies and/or procedures and to discipline or reprimand employees who violated these established policies.

48. Defendant SMITH further acted as the final decision maker for Defendant BERRIEN COUNTY when she acted against Plaintiff in violation of his constitutional rights when she charged and prosecuted Plaintiff without probable cause, presented testimony she knew to be false at Plaintiff's preliminary hearing, withheld potentially exculpatory evidence from Plaintiff and Plaintiff's counsel, and publicly accused Plaintiff of ordering the murder of Lucas without any cause, probable or otherwise, to believe Plaintiff was involved in Lucas' death.

49. Defendants' violations of Plaintiff's constitutional rights were a direct and proximate cause of his injuries.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                                          Respectfully Submitted,
                                          CHRISTOPHER TRAINOR & ASSOCIATES

                                          BY:**/s/ Christopher J. Trainor**_____
                                          CHRISTOPHER J. TRAINOR (P42449)
                                          AMY J. DEROUIN (P70514)
                                          Attorney for Plaintiff
                                          9750 Highland Road

            White Lake, MI  48386
            (248) 886-8650
            shanna.suver@cjtrainor.com
Dated:  December 3, 2021  amy.derouin@cjtrainor.com
*CJT/jaa*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ADARIUS FERGUSON,

    Plaintiff,

v.                                    CASE NO:
                                        HON:

BERRIEN COUNTY, JENNIFER SMITH, and BRIAN KASTELIC, in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR &ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **ADARIUS FERGUSON**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        BY:**/s/ Christopher J. Trainor**_____
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        Attorney for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        Shanna.suver@cjtrainor.com

Dated:  December 3, 2021      amy.derouin@cjtrainor.com
*CJT/jaa*